IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-100-1-BO
NO. 5:13-CV-173-BO

| | |
|---|---|
| JOSE FRANCISCO LANTIGUA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 103], respondent's motion to dismiss [DE 111], and petitioner's motion to file a supplemental motion under § 2255 [DE 115]. For the reasons stated herein, respondent's motion is GRANTED, the motion to file is DENIED, and petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

Petitioner was named in a four count information on April 5, 2010. Count 1 charged petitioner with conspiracy to distribute and possess with intent to distribute five kilograms of cocaine. On April 27, 2010, pursuant to a plea agreement, the petitioner pled guilty to count 1. As part of the plea agreement, the government agreed to dismiss counts 2 through 4. Petitioner was sentenced to 150 months' imprisonment and five years of supervised release on March 7, 2012.

Petitioner filed his current motion for relief pursuant to 28 U.S.C. § 2255 on March 8, 2013. Petitioner placed the petition in the prison's mailbox on March 4, 2013, making his

petition timely via the prisoner mailbox rule. He alleges that his counsel was ineffective by failing to make objections during his Rule 11 hearing and his sentencing. He further alleges that his counsel was ineffective because he was not present during the petitioner's presentence investigation interview.

## DISCUSSION

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See Glover v. United States*, 531 U.S. 198, 202-04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

Lantigua alleges that his counsel's performance fell below an objective standard of reasonableness when his counsel failed to object to the Court's alleged violation of FED. R. CRIM. P. 11(c), (d), (e), and (f). A review of the transcript shows that the Court did in fact alert

2

petitioner that pleading guilty would result in a waiver of his right to a jury trial. [DE 106 at 9]. Therefore there was nothing to which petitioner's counsel should have objected. Lantigua's assertions with regard to his ineffective assistance of counsel claims directly contradict his sworn statements made during the Rule 11 colloquy and are therefore "patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).

Petitioner further contends that his counsel advised him that he would receive a sentence less than the one he received. Petitioner argues that had he known the amount of time he would be sentenced to, he would not have pled guilty. A "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *Hughes v. United States*, 2007 U.S. Dist. LEXIS 19416 at *12 (W.D.N.C. March 19, 2007); *see also United States v. Foster*, 68 F.3d 86, 87–88 (4th Cir. 1995). Further, Lantigua was informed of the maximum and minimum penalties he faced in the written plea agreement. [DE 19 at 4]. This is sufficient to show that Lantigua cannot claim prejudice from his counsel's alleged misadvice on the length of sentence. *Foster*, 68 F.3d at 88. Further, in both claims related to his guilty plea, petitioner has failed to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59.

Petitioner lastly claims that his counsel was ineffective because he did not attend the petitioner's presentence investigation report ("PSR") interview. Firstly, although petitioner asserts that his attorney was ineffective in not attending the PSR interview, petitioner has not satisfied either of the *Strickland* prongs. Petitioner cites no controlling authority for the proposition that it was outside the range of reasonable professional assistance for his attorney to not attend the PSR interview, or that counsel could have objected to the questions asked if he had

3

attended. Further, the defendant has not alleged that he requested his attorney to be notified of the interview. FED. R. CRIM. P. 32 is best read as allowing the person being interviewed to request that his attorney be present. *See Clark v. United States*, 2010 U.S. Dist. LEXIS 70547 at *15–17 (N.D. W. Va. July 14, 2010) (discussing Rule 32 and whether an interviewee must request his attorney to be present). Here, Lantigua has made no allegation that he requested his attorney to be present, and therefore there are no grounds for an ineffective assistance of counsel claim based on his attorney's absence from the presentence interview.

Petitioner has also filed a motion for leave to file a supplemental § 2255 motion. Petitioner bases his motion on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). *Alleyne* held that any element that increases his mandatory minimum sentence must be submitted to a jury. *Id.* at 2155. Here, petitioner pled guilty to violating 21 U.S.C. §§ 841(a), 846 knowing that such a crime had a mandatory minimum of 10 years' imprisonment. [DE 19 at 4]. A review of the record shows that this Court did not find any elements that increased the mandatory minimum for petitioner that were not included in the plea agreement. [DE 102]. Accordingly, there is no basis for a supplemental motion and petitioner's motion for leave to file is denied.

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard,

4

the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss is GRANTED and petitioner's §2255 petition is DISMISSED in its entirety. Petitioner's motion for leave to file a supplemental motion is DENIED. The Court hereby DENIES petitioner a certificate of appealability.

SO ORDERED.

This the ___ day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE